# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Albert S. Kelly, #277334, | ) | Civil Action No.: 4:20-cv-00761-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Williams, Associate Warden Roberts, and Bryan P. Stirling, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Albert Kelly, proceeding *pro se*,[1] filed this civil rights action against Defendants Warden Williams, Associate Warden Roberts, and Bryan P. Stirling (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 seeking monetary damages based on Defendants' alleged failure to protect Plaintiff from gang violence while he was in statewide protective custody. Plaintiff further alleges that Defendants retaliated against him after he threatened to file a complaint. (*See* ECF No. 1 at 9.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On May 6, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 59) recommending that the court grant Defendants' Motion for Summary Judgment (ECF No. 48) and dismiss the case. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 59),

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

**GRANTS** Defendants' Motion for Summary Judgment (ECF No. 48), and **DISMISSES** the action against Defendants.

## I.      BACKGROUND

On February 18, 2020, Plaintiff initiated the instant action in this court against Defendants by filing a form Complaint for Violation of Civil Rights, which alleged lack of protection from a known risk of harm amounting to an Eighth Amendment violation. (*See* ECF No. 1.) On November 20, 2020, Defendants filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure asserting that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies. (ECF No. 48.)

On December 3, 2020, the court entered a *Roseboro* Order advising Plaintiff that he had thirty-one (31) days to respond to Defendants' Motion for Summary Judgment. (ECF No. 50 at 1.) On December 4, 2020, Plaintiff filed a Response. (ECF No. 52.) On December 9, 2020, Defendants filed a Reply. (ECF No. 53.) Thereafter, on May 6, 2021, the Magistrate Judge issued the aforementioned Report recommending that the court grant Defendants' Motion for Summary Judgment and dismiss this case. (ECF No. 59 at 8.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life*

*& Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.    ANALYSIS

A. The Magistrate Judge's Report

In the Report, the Magistrate Judge explained that the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before filing a § 1983 action. (ECF No. 59 at 4 (citing 42 U.S.C. § 1997e(a)).)[2] The Magistrate Judge further explained the South Carolina Department of Corrections' Grievance System process and noted that Plaintiff did not file a grievance for the stabbing at issue in this action.[3] (*Id*. at 5-6.) The Magistrate Judge next noted that Plaintiff conceded in his Amended Complaint that he did not file a grievance concerning the stabbing. (*Id*. at 6-7.) Although the PLRA provides one (1) exception to the exhaustion requirement, the Magistrate Judge observed that Plaintiff does not specifically argue or present evidence that the grievance procedure was unavailable. (*Id*.)

---

[2] The amended section of 1997e now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

[3] The Magistrate Judge noted that an inmate must first attempt to resolve the issue informally by submitting a request to a staff member. (ECF No. 59 at 5 (citing ECF No. 48-6).) Once the inmate receives a response, the inmate may file a Step 1 grievance with supporting documentation. (ECF No. 48-6 at 2-3.) If the Step 1 grievance is returned unprocessed, the inmate must submit a new grievance which corrects any deficiencies noted in the first grievance or file an appeal. (*Id*.) On the other hand, if the Step 1 grievance is processed, the inmate must appeal the action by filing a Step 2 grievance. (*Id*.) The response to the Step 2 grievance is considered the agency's final decision on the issue. (*Id*.)

B. The Court's Review

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by May 20, 2021. (ECF No. 59-1 at 1 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, none of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F. 3d at 315 (quoting an advisory committee note on Fed. R. Civ. P. 71). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 59), **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 48), and **DISMISSES** the action against Defendants Warden Williams, Associate Warden Roberts, and Bryan P. Stirling for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

4

5

*J. Michelle Childs*
United States District Judge

July 26, 2021
Columbia, South Carolina

5